# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                     **Case No. 05-C-104**
                                                                           **(01-CR-113)**

**JAIME MARQUEZ,**

      **Movant.**

## DECISION AND ORDER

On November 26, 2001, Jaime Marquez ("Marquez") pled guilty to a conspiracy to distribute and to possess with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)(II) and 21 U.S.C. § 846. On February 15, 2002, this Court sentenced Marquez to 87 months in prison. Marquez had until March 4, 2002, to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A); Fed. R. Civ. P. 6(a). He failed to do so, but instead, over two years later on April 22, 2004, he filed a motion to extend his time to appeal. On January 6, 2005, this Court denied Marquez's motion.

On January 28, 2005, Marquez filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, which is now pending before this Court. In

1

response, the United States argues that Marquez's § 2255 motion was untimely filed and should be dismissed. This Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 created a one year statute of limitations for § 2255 motions. With exceptions not applicable here, the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. A judgment of conviction becomes final when the time for filing a notice of appeal expires, which for Marquez, occurred on March 4, 2002. Thus, he had until March 4, 2003, to file a § 2255 motion. Marquez, though, did not file his § 2255 motion until January 28, 2005, which was nearly two years too late.

Marquez asserts, though, that he was under the erroneous assumption that his conviction and sentence was being appealed by his trial attorney, an assumption that he claims caused his delay in filing his § 2255 motion. While this Court can equitably toll a movant's statute of limitations, it can only do so when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). As the Seventh Circuit explained, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.* Under the doctrine of equitable tolling, this Court may excuse Marquez's failure to file his § 2255 motion within the limitation period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). Equitable

2

tolling is not available where the movant alleges he missed the deadline due to his attorney's mistake. *Id.*

Marquez cannot meet the high threshold to have his statute of limitations equitably tolled. His mistaken assumption that he had an appeal pending for two years after his conviction and sentence was not a result of an extraordinary circumstance beyond his control. Reasonable diligence could have allowed him to discover that his appeal in fact was never filed, and that his conviction and sentence was final. Accordingly, this Court cannot equitably toll Marquez's statute of limitations. His § 2255 motion, as a result, is untimely filed and must be dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Marquez's Motion to Vacate, Set Aside, or Correct His Sentence, Pursuant to 28 U.S.C. § 2255 (Docket No. 1), is **DISMISSED.**

The clerk is directed to issue judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 12th day of April, 2006.

                                        **BY THE COURT**

                                        s/ Rudolph T. Randa
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**